UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS J. WILLING,<br><br>        Plaintiff,<br>v.<br><br>STATE OF NEVADA,<br><br>        Defendant. | Case No. 2:22-cv-00733-APG-DJA<br><br>**ORDER**<br><br>[ECF Nos. 4, 7, 8, 9] |

Plaintiff Nicholas Willing has filed two motions for temporary restraining orders (ECF Nos. 4, 7), a motion for default judgment (ECF No. 8), and a motion for a copy of this court's certification of his challenge to a Nevada statute (ECF No. 9). I deny those motions.

First, it is doubtful that this court can exercise jurisdiction over this case. With respect to federal court cases, the State of Nevada has not waived its sovereign immunity. Nev. Rev. Stat. § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) ("Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment."). Although the State of Nevada may consent to federal court jurisdiction through removal, this is not a removed case. *See Lapides v. Bd. of Univ. Sys. Of Ga.*, 535 U.S. 613 (2002) (holding that state's removal of suit to federal court constitutes waiver of its sovereign immunity). Thus, it does not appear that Willing can maintain this lawsuit in this court.

Even if this court could exercise jurisdiction, entry of default judgment is not appropriate at this time because Willing has not yet served the complaint and summons on the State of Nevada. Service of process and entry of default are prerequisites to entry of a default judgment. *See* Fed. R. Civ. P. 55(a)-(b).

Willing's motions for temporary restraining orders do not satisfy the requirements for issuance of such extraordinary relief.  A party seeking a temporary restraining order must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) that the balance of hardships favors the movant, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the party seeking injunctive relief may demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the moving party's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Willing's motions do not show that he is likely to succeed on the merits of his claims. For example, he requests that I vacate his sentence, but he does not explain which sentence he is referring to. ECF No. 4 at 10.  He refers to a pending civil case (2:14-cv-01194-RFB-BNW), but no sentence has been or will be imposed in that case.  To the extent he is seeking relief from a conviction that is the subject of that pending lawsuit, he should pursue the remedy in that other case, rather than filing this new lawsuit.  Willing also seeks a "Pervaling (sic) wage" for work he has performed. *Id*.  This request for monetary relief shows that there is no irreparable harm as to this claim.  He also requests that the court bring "Federal charges on every authority that was put on notice of this facially defective [Nevada] Senate Bill no. 182 . . . ." *Id*.  The court cannot institute criminal charges or civil cases.  Willing's motions for injunctive relief therefore do not satisfy the *Winter* or *Alliance for the Wild Rockies* standards.  And I am unwilling to enter such relief without a response from the defendant.

Finally, Willing requests a copy of this court's certification that it served his challenge upon the Nevada Attorney General. ECF No. 9. I deny that request because the court has not done so.

I THEREFORE ORDER that Willing's motions **(ECF Nos. 4, 7, 8, 9) are DENIED.**

DATED THIS 3rd day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE