UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nicholas J. Willing,<br><br>                    Plaintiff,<br><br>   v.<br><br>State of Nevada,<br><br>                    Defendant. | Case No. 2:22-cv-00733-APG-DJA<br><br>**Report and Recommendation** |

Before the Court is Plaintiff Nicholas J. Willing's omnibus motion. (ECF No. 11). Plaintiff asks that the Court transfer his case to another district "in the interest of justice" and notify the United States Attorney General and the FBI so that they can begin an investigation into his case. (*Id.* at 1). Plaintiff asserts that he put all federal judges in Nevada "on notice" of his case and that they failed to disqualify themselves, thereby violating their oaths of office. (*Id.*). Plaintiff also asks that the judges who violated their oaths of office "be charged with 'RICO.'" (*Id.* at 31).

The Court recommends denying Plaintiff's request that it disqualify all federal judges in Nevada under 28 U.S.C. §455. 28 U.S.C. § 455(a) provides that any United States federal judge should recuse him or herself "in any proceeding in which his impartiality might reasonably be questioned." The judge should also disqualify him or herself if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard for recusal is whether the Judge's impartiality might be "reasonably questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citations omitted). Recusal is also evaluated by ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1997). The alleged prejudice must normally result from an extra judicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id*. It is a rare and extreme situation where a

judge should be recused because of adverse rulings the judge made as to a party. *Liteky v. United States*, 510 U.S. 540, 556 (1994). There is an equally compelling obligation not to recuse where recusal is not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

Here, Plaintiff's assertion that all federal judges in Nevada should be disqualified because they are "on notice" of his case is insufficient. Plaintiff has not demonstrated that any judge is impartial or has a personal bias or prejudice. Nor has he pointed to any authority that one judge can disqualify other judges. Instead, his arguments are speculative. He asserts that every federal judge knows about his case and has failed to act to prevent unspecified wrongs related to alleged unconstitutional Nevada laws, making the judges complicit in the scheme Plaintiff alleges. This is not the rare and extreme situation where recusal is appropriate. The Court recommends denying Plaintiff's motion.

The Court recommends denying Plaintiff's request to change venue. 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." For Plaintiff to transfer venue, two requirements must be met: "(1) that the district to which [Plaintiff] seeks to have the action transferred is one in which the action 'might have been brought,' and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice." *Fulkerson v. Allstate Ins.*, No. 3:20-cv-00399-MMD-CLB, 2020 WL 6938813, at *2 (D. Nev. Nov. 25, 2020); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256 (W.D. Wash. 2005) (citing 28 U.S.C. § 1404(a)). Plaintiff's motion does neither.

Plaintiff's request to change venue appears to be based on the same premise as his motion to disqualify judges: that judges in Nevada are complicit in an alleged scheme to cover up the unconstitutionality of Nevada's laws. But Plaintiff fails to explain which district he wishes the Court to transfer his case to or why his case might have been brought there. And his reasoning why transferring venue would be in the interest of justice is again speculative. Plaintiff has failed to meet his burden of proof. *See Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007) ("The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interest of justice.").

Finally, the Court cannot grant Plaintiff's requests that it initiate an investigation into his claims by informing the United States Attorney General and FBI. Nor can it initiate a prosecution. "[F]ederal district courts cannot order a United States Attorney to conduct an investigation or initiate a prosecution because it would violate the doctrine of separation of powers." *O'Connor v. State of Nev.*, 507 F.Supp. 546, 549 (D. Nev. 1981) (citing *Ross v. United States Attorney's Office*, 511 F.2d 524 (9th Cir. 1975)). Plaintiff essentially requests that this Court violate the separation of powers' doctrine to investigate his allegations that the Nevada Supreme Court violated the separation of powers doctrine.

## REPORT AND RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion (ECF No. 11) be **denied.**

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 12, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE