UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nicholas J. Willing,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>State of Nevada,<br><br>　　　　　　　Defendant. | Case No. 2:22-cv-00733-APG-DJA<br><br>**Order<br>&<br>Report and Recommendation** |

Before the Court is Plaintiff Nicholas J. Willing's motion to amend pleadings (ECF No. 28), motion to show good cause (ECF No. 29), motion to disqualify (ECF No. 30), motion to review all filings because of fraud (ECF No. 31), and motion for status check (ECF No. 32). Plaintiff's first four motions are identical and were appropriately filed separately under Local Rule IC 2-2(b). Plaintiff's motion for a status check is separate.

### ***A.    The Court denies Plaintiff's motion to amend pleadings.***

Plaintiff's motion to amend pleadings asks the Court to "amend and remove all relief from case No. 2:22-cv-00733." (ECF No. 28 at 1). However, it is unclear what part of his pleadings Plaintiff seeks to amend. This is particularly true because Plaintiff does not attach proposed amended pleadings. *See* Local Rule 15-1(a). The Court thus denies Plaintiff's motion to amend without prejudice.

### ***B.    The Court recommends[1] denying Plaintiff's motion to show good cause as moot.***

Plaintiff's motion to show good cause (ECF No. 29) is in response to the Honorable District Judge Andrew P. Gordon's order (ECF No. 27). In that order, Judge Gordon explained that he could not grant Plaintiff's request for default judgment because Plaintiff had not yet

---

[1] Plaintiff's motion to show good cause is referred to the undersigned. Because it is in response to Judge Gordon's order to show cause, the undersigned issues a recommendation under Local Rule IB 1-4.

served the State of Nevada under Federal Rule of Civil Procedure 4(j)(2).  (ECF No. 27).  In his motion, Plaintiff asserts that he has completed service because he served the Attorney General through certified mail and through an electronic address as required by Federal Rule of Civil Procedure 5.1(a)(2).  However, Rule 4 more appropriately governs service in this case because Rule 5.1(a)(2) governs service if the State is not already a party.  Here, the State of Nevada is already a party.

Under Rule 5.1, a party challenging the constitutionality of a state statute must "file a notice of constitutional question" and notify the state attorney general "if the parties do not include the state…"  Fed. R. Civ. P. 5.1(a).  Rule 5.1 is intended to give the attorney general (whether of the United States or a state) a chance to intervene to defend the constitutionality of a statute before the Court declares it unconstitutional.  *See* Fed. R. Civ. P. 5.1 Advisory Committee Notes ("The notice of constitutional question will ensure that the attorney general is notified of constitutional challenges and has an opportunity to exercise the statutory right to intervene at the earliest possible point in the litigation").  Because the purpose of the certification requirement is to give the State an opportunity to intervene, it has no application when the State is already a party.  *See Daniels v. United States*, No. 08-cv-00104, 2011 WL 13290259, at *4 (D. Haw. Nov. 28, 2011).

Given Plaintiff's explanation that he believed he accomplished service under Rule 5.1, the Court recommends finding that Plaintiff has sufficiently shown cause why he has not served the State of Nevada.  Because Plaintiff's motion does not seek specific relief, but rather responds to the show-cause order, the Court also recommends denying Plaintiff's motion for good cause as moot.  Finally, the Court recommends providing Plaintiff with additional time to serve the State of Nevada under Federal Rule of Civil Procedure 4(m).

    ***C.***     ***The Court denies Plaintiff's motion to disqualify.***

Plaintiff moves to disqualify the undersigned, Judge Gordon, and the Honorable District Judge Richard F. Boulware.  (ECF No. 30).  However, Plaintiff references statements and prior adverse rulings in this case and others—asserting that they constitute criminal racketeering—as reasons why the judges should recuse.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994)

(explaining that judicial rulings may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion). Because Plaintiff relies on adverse rulings for recusal, the Court denies Plaintiff's motion to disqualify.

### D. The Court denies Plaintiff's motion to review all filings because of fraud.

Plaintiff moves to "review all filings because of fraud." (ECF No. 31). Plaintiff's motion appears to seek criminal charges against the undersigned, Judge Gordon, and Judge Boulware. (*Id.* at 3, 4). But Plaintiff does not have the power to file criminal charges. The Court denies Plaintiff's motion to "review all filings because of fraud."

### E. The Court denies Plaintiff's motion for a status check.

Plaintiff moves for a status check. (ECF No. 32). However, at this stage the Court finds no reason to set a status check. To move the case forward, Plaintiff must serve the State of Nevada. And the Court has recommended providing Plaintiff with additional time to do so.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 28) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to disqualify (ECF No. 30) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to review all filings because of fraud (ECF No. 31) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for a status check (ECF No. 32) is **denied.**

## REPORT AND RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff be deemed to have shown good cause for his failure to serve the State of Nevada.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to show good cause (ECF No. 29) be **denied as moot** because it does not seek relief.

**IT IS FURTHER RECOMMENDED** that, in the event the Honorable District Judge Andrew P. Gordon adopts this recommendation, Plaintiff have additional time to accomplish service on the State of Nevada.

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 7, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE